Argued March 17, affirmed April 13, 1926.

## C. BROWN *v.* NATIONAL LIBERTY INSURANCE CO.

(244 Pac. 873.)

**Insurance—Instruction That, if Plaintiff Failed to Comply With Condition in Policy, He Could not Recover Held Sufficient as to Binding Force and Effect of Condition.**

1.   Charge that plaintiff could not recover on fire policy if he failed to comply with condition exempting insurer from liability for loss caused by neglect of insured to reasonably act to save and protect goods at and after fire *held* sufficient as to binding force and effect of condition.

Insurance—Under Condition in Fire Policy Requiring Insured to
  Save and Protect Property, He must Use All Reasonable Means
  to Remove Goods to Place of Safety, and, After Removal, Pro-
  tect from Theft.

2.   Under condition in fire policy requiring insured to save and
protect property, it is his duty to use all reasonable means to re-
move the goods to a place of safety, even if a part or all are likely
to be stolen, and, after removal, to protect them from being stolen.

Appeal and Error.

3.   The Supreme Court has power to reverse judgments only upon
rulings made and excepted to.

Trial—Refusal to Give Instruction Held not Error, Where Covered
  Fully in One Given.

4.   Refusal to give instruction is not error where court fully and
correctly stated the law governing the subject matter in an in-
struction given.

Appeal and Error—Overruling Objection to Question was not Re-
  versible Error, the Answer not Being Prejudicial to Objector.

5.   Overruling an objection to a question was not reversible error,
where answer given in response was not prejudicial to the object-
ing party.

---

Appeal and Error, 3 C. J., p. 843, n. 67, p. 850, n. 24, p. 888, n. 15,
p. 895, n. 52; 4 C. J., p. 964, n. 85.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

'AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Veazie & Veazie,* with an oral argument by
*Mr. J. C. Veazie.*

For respondent there was a brief over the name of
*Messrs. Shepherd & McCredie,* with an oral argument
by *Mr. George S. Shepherd.*

RAND, J.—This action was brought upon a policy
of insurance issued by defendant to plaintiff upon a

---

2.   See 14 R. C. L. 1133.
3.   See 2 R. C. L. 92.
4.   See 14 R. C. L. 751.

stock of goods and a pool-table. The insured prop-
erty was entirely lost by fire communicated from an
adjoining building. The cause was tried to a jury,
and plaintiff had verdict for the full amount of the
indemnity provided for in the policy. From the
judgment entered thereon, defendant appealed.

The policy contained a condition that the company
should not be liable "for loss caused directly or in-
directly by neglect of the insured to use all reasonable
means to save and protect the property at and after
a fire, or when the property is endangered by fire in
neighboring premises."

The answer alleged as a defense a breach of this
condition by defendant, and this allegation was denied
by the reply. There was evidence given on the trial
tending to show a failure by defendant to perform
this condition, and there was other evidence given,
which tended to show that there had been no such
breach. The jury, therefore, was authorized to find
either way upon this issue.

The principal contention urged upon this appeal is
based upon the refusal of the court to give an instruc-
tion requested by defendant in the language of the
request, and the giving of it as modified by the court.
In effect, the defendant requested the court to charge,
and the court did in effect charge, that the company
would not be liable if the jury found that plaintiff did
not exercise reasonable diligence in removing the in-
sured property from the building, and saving it from
the fire, or if there were other persons present at the
time of the fire, who were able and willing and offered
to remove the property, and were prevented from so
doing by plaintiff's refusal to permit such removal,
or by his failure to accept such offer of assistance,
and also, that if plaintiff by his own efforts, or with

the assistance of others who were present and offered to assist him, could have saved a part, but not all of the insured property, he could recover only the reasonable value of such part as could not have been so saved.

1. The court charged the foregoing, substantially in the language of the request, but failed to state as requested, that this condition was a valid and legal provision of the policy, stating, however, that plaintiff could not recover if he had failed to comply with the condition. As so charged, the jury could not have been misled in respect to the binding force and effect of the condition, nor do we understand that defendant so claims, but it appears from the record, that after the jury had been charged, the court asked counsel if they desired to reserve any exceptions to the charge, and that Mr. Shepherd then made the following statement in the presence of the jury:

"If the court please, in instructing the jury on the question of saving the court quoted the language of the policy to remove or to save and preserve the property, and in giving the instruction as to the duty of the plaintiff and in the alternative if he did not save or remove, but without any question to preserving. Now, he might remove it and save it and still it might be preserved as there is evidence here it would have been purloined if it had been taken out."

Whereupon the court said:

"I will state to the jury, if it had been purloined the insurance company would be likewise liable, as I understand that law."

Defendant's counsel concede that this statement of the law by the court was not an incorrect statement, but that when considered by the jury in connection with the evidence and the statement of counsel just referred to, the jury was misled into believing that it

was not the duty of the plaintiff to remove the goods, if a part or all of them after removal were liable to be stolen.

2, 3. The fire occurred in Corbett, a small station a short distance out of Portland, shortly after midnight. A number of railroad employees were sleeping in a construction train at that station, and were present at the fire. There was evidence tending to show, contradicted, however, by the testimony of plaintiff, that these men offered to go into the building and remove the goods, and there was some evidence by one of their number that their purpose was to remove the goods and appropriate them to their own use. Defendant contends that plaintiff knew of this purpose, and believed that if the goods were removed and stolen, he would lose his insurance, and that because of this belief on his part, he prevented them from removing the goods. It was plaintiff's duty to use all reasonable means to remove the goods to a place of safety, and after their removal, to protect them from being stolen. Defendant would have been entitled to have the jury charged upon this phase of the case, but defendant made no such request, and raised no objection to the statement made by counsel, or to any of the matters referred to. If an objection had been urged, or a request made, the court undoubtedly would have stated the law upon this phase of the case to the jury. But since no such objection was urged or request made, we are not at liberty to reverse the judgment upon that ground alone, since it is probable that had the court's attention been directed to the matter at the time, the court would probably have instructed the jury correctly upon that phase of the case. This court has power to reverse judgments only, upon rulings made and excepted to.

4. The answer sets up as a second defense another condition of the policy, upon which an instruction was requested, and was given, but not in the language requested. An examination of the one given and the one requested shows that the court fully and correctly stated the law governing the whole subject matter referred to in the requested instruction.

5. The third assignment relates to the overruling of an objection made by defendant to a question propounded by plaintiff. If this question was in any way objectionable, the answer given in response thereto could not be prejudicial to defendant.

The entire transcript of testimony was made a part of the bill of exceptions in this case. We have carefully read all of this transcript, and finding no error in the record, the judgment is affirmed. AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.